## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>John Kelsey Gammell,<br><br>            Defendant. | Case No.  17-cr-00134 (WMW-DTS)<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF OBJECTIONS TO MAGISTRATE'S ORDER** |

## INTRODUCTION

Defendant John Kelsey Gammell is charged with intentional access of a certain computer without authorization or in excess of authorization under the Computer Fraud and Abuse Act ("CFAA").  Mr. Gammell filed motions in this case on August 18, 2017, and the Magistrate presided over a motions hearing on October 30, 2017.  The Magistrate issued an Order, *see* Docket No. 42, dealing with most of Mr. Gammell's motions on November 7, 2017 and denied relief on two motions of relevance here:  Mr. Gammell's motion for disclosure of informants as well as his motion for a bill of particulars.

Mr. Gammell objects to the Magistrate's denials of relief as unfounded in law or fact and a denial of his Sixth Amendment rights.  Mr. Gammell incorporates by reference the memoranda previously submitted in support of his motions (Docket Nos. 23 and 25).

## FACTS

The government asserts that in July 2016, an internet security researcher ("researcher") who was "well-known" to the agency provided the FBI with database research relevant to this case.  Criminal Compl. at ¶ 28 [Docket No. 1].  The FBI asserts that the researcher provided the database "to assist in a criminal investigation into vDOS and its customers who used vDOS services to engage in DDoS attacks on victim websites."  *See id.*  The database contained highly confidential and private information including "user registrations, user logins, payment and subscription information, contact with users, and attacks conducted."  *Id.*

Among other motions, Mr. Gammell sought to learn the identity, contact information, and production of this researcher as well as the means by which the researcher obtained Mr. Gammell's private information.  This means would have included the source or sources who were involved or assisted in gaining access to this information provided by the researcher.

Mr. Gammell also made a motion for a bill of particulars.  Until the motions hearing, the government refused to even generally reveal what in the mountain of discovery it intended to rely on in prosecuting Mr. Gammell.  Mr. Gammell's concern is heightened in the wake of the superseding indictment the government filed on November 8, 2017.

# ARGUMENT

## I.   THE MAGISTRATE'S ORDER IS CLEARLY ERRONEOUS.

A district court may reconsider, modify, or set aside any part of a Magistrate's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.  FED. R. CRIM. P. 59; 28 U.S.C. § 636(b)(1)(A) (2006); Minn. L.R. 72.2.

## II.   MR. GAMMELL NEEDS TO KNOW THE IDENTITY AND MEANS OF THE RESEARCHER INFORMANT IN THIS CASE.

The Magistrate's Order denies Mr. Gammell his Sixth Amendment right to "be confronted with the witnesses against him."  U.S. CONST. amend. VI.  Mr. Gammell possesses the right to know the identity of an informer, in this case the researcher, "where the disclosure of an informer's identity … is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause."  *See Roviaro v. United States*, 353 U.S. 53, 60-61 (1957) (reversing conviction where government failed to provide identity of informant).

The Magistrate erred in denying Mr. Gammell access to the researcher in this case. The researcher in this case functioned as the most critical witness against Mr. Gammell. To withhold his identity and method by which he incriminated Mr. Gammell is prejudicial.  Under *Roviaro*, the critical legal question in this case is whether disclosure of the researcher would be relevant and helpful to the defense.  The Magistrate did not decide that question and therefore erred.

A.     **The Magistrate Erred In Relying Entirely On The Government's Untested Representations.**

First, to the extent the Magistrate answered the *Roviaro* question, he relied entirely on the government's untested representations that the researcher is irrelevant.  The Order relies upon independently unverifiable statements by the government, which holds the cards the defendant cannot see, including the following:

> It [the database] came from and was maintained by vDOS and included information from and/or about vDOS's subscribers, allegedly including Defendant.  Criminal Complaint ¶¶ 28-29, Docket No. 1.
>
> The researcher was not directed by the Government to obtain the vDOS database nor compensated for providing it.  Id.¶ 28.
>
> The researcher has no criminal convictions; there are no criminal acts for which charges could be brought against the researcher; and there are no plea agreements or other benefits being provided to the researcher.  Gov't Br. 32, Docket No. 37.

Docket No. 42 at 3-4.

Under the Magistrate's Order, Mr. Gammell must take the government's word for it.  But the law requires more.  The "desirability of calling … a witness, or at least interviewing him in preparation for trial, [is] a matter for the accused rather than the Government to decide."  *Roviaro* at 64-65 (reversing lower court for failing to order witness identity and location).  The question of the researcher's relevance to this case is for Mr. Gammell to decide, and the evidence of which Mr. Gammell is aware shows this information is relevant and helpful to the defense.

**B.     The Magistrate Erred In Failing To Consider Mr. Gammell's Need For Information.**

Second, the Magistrate disregarded the *Roviaro* question by citing the government's privilege to withhold the identity of researcher without balancing the government's interest against Mr. Gammell's needs.  *See Roviaro* at 60-61.  The government has pointed to no reason the privilege should apply in this case: there is no national security concern, trade secret, or obstruction at issue.  The government simply does not wish to share information relevant to Mr. Gammell's case with him.  Mr. Gammell's constitutional rights should not be subject to the government's good graces.

By contrast, Mr. Gammell has identified numerous reasons the information is necessary to his defense.  The researcher in this case is not a mere tipster.  The government claims the internet security researcher decoded the database and more, that such decoding pointed to Mr. Gammell.  Information on what the researcher gave to the Government, the means by which he obtained all this private information, the source of that information, and others who may be involved, all are highly relevant to Mr. Gammell's defense.  This could provide exculpatory evidence, or evidence of others who may have committed the crimes that the Government seeks here to blame on Mr. Gammell.

Further, there is no other way that Mr. Gammell may gain access to this information.  The government acknowledges that vDOS is no longer in operation and those who were responsible for its operations have been arrested and charged elsewhere with crimes.  Docket No. 37 at 12.  *See also* representations relating to the government's

search, review, and verification of (the database) authenticity. *Id.* at 14-16. This "third party information" cannot be sought by a subpoena as the business is no longer operational. *Id.* at 12, 34. This means that the identity, contact information, and production of this researcher, including the means by which the researcher obtained Mr. Gammell's and other's private information, becomes even more critical since it cannot be discovered by any other means.

Additionally, at the motions hearing, the government represented that it would not be calling the researcher to testify at trial. This makes Mr. Gammell's motion all the more imperative as he otherwise will be denied access to the one person who claims with certainty that Mr. Gammell committed the crimes alleged in the indictment.

### C.   The Magistrate Erred In Imputing Knowledge To Mr. Gammell Which Only the Government Knows.

Third, to the extent the Magistrate sidestepped the *Roviaro* question, he placed a burden on Mr. Gammell which is not the defendant's to bear. The Magistrate faulted Mr. Gammell for failing to be more specific in his allegations as to the utility of the researcher. That proposition assumes Mr. Gammell is guilty and has knowledge of what the database which the researcher accessed contains. But Mr. Gammell has pled not guilty, and he cannot show what he does not know. What Mr. Gammell does not know, which is information the government refuses to share with him, bears directly on the means by which the researcher obtained this database information and pinned crimes on Mr. Gammell. *See United States v. Partyka*, 544 F.2d 345, 347 (8th Cir. 1976) (reversing conviction and remanding for new trial because of trial court's failure to require

disclosure of informant who defendant claimed may have planted drugs in his car); *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (informant who "could have shed sorely needed light on the events that took place" must be disclosed).

Mr. Gammell's personal account information from this vDOS database allegedly revealed to the researcher personal information, including Mr. Gammell's user registration, user login, payment and subscription information, user contact, and alleged attacks. These alleged cyber footprints are not a matter of "speculation," contrary to the Magistrate's suggestion. Docket No. 42 at 3. They are of critical importance to Mr. Gammell's defense. To the extent the details are not more specific, it is only because the government refuses to share more relevant facts with Mr. Gammell.

It is as if a third party researcher conducted an autopsy in this case which he claims points to Mr. Gammell and then handed the autopsy results to the government. The government cannot with one hand use the results of that autopsy but with the other hand shield from disclosure and cross-examination the researcher who conducted the autopsy. This is critical to Mr. Gammell's case because it is was the researcher who pointed the finger at Mr. Gammell based on the researcher's own tests or possible hacking of the vDOS database.

### III.  MR. GAMMELL NEEDS A BILL OF PARTICULARS TO MINIMIZE SURPRISE AT TRIAL.

Mr. Gammell moved for a bill of particulars to prepare his defense and understand the nature of the government's allegations against him, as is his right under the Constitution.  *See* U.S. CONST. amend. VI; Fed. R. Crim. P. 7(f).  The purpose of a bill of particulars is to inform the defendant of the nature of a charge with "sufficient precision to enable him to prepare for trial" and "to avoid or minimize the danger of surprise at trial." *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002), cert. denied, 537 U.S. 1134 (2003).

The Magistrate's Order denied Mr. Gammell's motion:

> The factual particulars are amply disclosed to Defendant and it is clear that the Government here is prosecuting the Defendant for DDoS attacks on the Washburn Computer Group.

Docket No. 42 at 2.

Here, the Magistrate erred in relying entirely on the discovery in this case to deny Mr. Gammell's motion for a bill of particulars.  The law is clear:  a document dump is not substitute for a bill of particulars where, as here, an indictment on its face fails to apprise the defendant of the charges against him.  *See United States v. Bortnovsky,* 820 F.2d 572, 575 (2d Cir. 1987) ("The government did not fulfill its obligation," the Court said, "merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified.").  *Accord United States v. Hance*, 501 F.3d 900, 906 (8th Cir. 2007) (mail fraud prosecution noting indictment need

not list every false statement defendant allegedly made, but defendant "may, as a matter of course, have been entitled to those details … through a bill of particulars").

There is nothing in the indictment or superseding indictment which apprises Mr. Gammell of the specific allegations against him.  Indeed, if one reviews the complaint, court filings, and voluminous discovery in this case, the government makes many allegations against Mr. Gammell.  How to discern which of those allegations will comprise the government's case in chief is largely a mystery, particularly in light of the additional charges Mr. Gammell now faces with a superseding indictment, which evidently references purported victims beyond Washburn Computer Group.  *See United States v. Idriss*, 2004 WL 733977, at *4 (D. Minn. Mar. 1, 2004) (ordering bill of particulars "detailing the elements of the three counts and the specific facts establishing those offenses").  Mr. Gammell hardly could be expected to adequately defend himself at trial when the government refuses to transparently inform him of the specific allegations against him.

## CONCLUSION

It is fundamentally unfair to refuse Mr. Gammell the right to confront his accusers and those who provided the FBI with the "database dump" and vDOS files, which may contain exculpatory information.  It also is unfair to deny Mr. Gammell a bill of particulars in this amorphous and evolving case.  Mr. Gammell respectfully requests this Court to grant him relief as to both motions.

Dated: November 21, 2017       By   s/Rachel K. Paulose
                                      Rachel K. Paulose
                                      DLA Piper LLP (US)
                                      Attorney ID No. 0280902
                                      80 South Eighth Street, Suite 2800
                                      Minneapolis, Minnesota  55402-2013
                                      Telephone:  612.524.3008
                                      Facsimile:   612.524.3001
                                      rachel.paulose@dlapiper.com

                                      ATTORNEY FOR DEFENDANT

EAST\148681391.1