UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR 17-134 WMW/DTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **AMENDED INFORMATION** |
| | ) | |
| Plaintiff, | ) | 18 U.S.C. § 922(g)(1) |
| | ) | 18 U.S.C. § 924(a)(2) |
| v. | ) | 18 U.S.C. § 924(e) |
| | ) | 18 U.S.C. § 1030(a)(5)(A) |
| JOHN KELSEY GAMMELL | ) | 18 U.S.C. § 1030(b) |
| | ) | 18 U.S.C. § 1030(c)(4)(A)(i)(I)–(VI) |
| Defendant. | ) | 18 U.S.C. § 1030(c)(4)(B) |

THE UNITED STATES ATTORNEY CHARGES THAT:

**COUNT 1**
(Conspiracy to Cause Intentional Damage to a Protected Computer)

1. From at least in or about July 2015 through in or about March 2017, in the State and District of Minnesota and elsewhere, the defendant, JOHN KELSEY GAMMELL, engaged in a campaign of distributed denial of service ("DDoS") attacks on websites throughout the United States. A DDoS attack is a malicious attempt to disable or interrupt service to a computer or website, usually by causing large amounts of internet traffic to be directed to the computer or website. GAMMELL directed DDoS attacks at a number of victims' websites, including websites operated by companies he used to work for, companies that declined to hire him, competitors of GAMMELL's business, and websites for law enforcement agencies and courts, among others. GAMMELL engaged in DDoS attacks using computer programs from his own computers, as well as by directing several "DDoS-for-hire" companies from which he purchased services to launch DDoS attacks against his victims' websites.

JAN 1 2 ⋯
U.S. DISTRICT COURT MN

CASE 0:17-cr-00134-WMW-DTS   Document 77   Filed 01/12/18   Page 2 of 6

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

2.     From in or about July 2015 through at least in or about November 2016, in the State and District of Minnesota and elsewhere, JOHN KELSEY GAMMELL, did knowingly conspire and agree with persons known and unknown, including individuals operating DDoS-for-hire companies from which he purchased services to launch DDoS attacks against his victims' websites, to commit Intentional Damage to a Protected Computer in violation of Title 18, United States Code, Section 1030(a)(5)(A), and, during a one-year period, the offense caused loss to one or more persons of at least $5,000 in aggregated value and damage affecting 10 or more protected computers, all in violation of Title 18, United States Code, Sections 1030(a)(5)(A), 1030(b), 1030(c)(4)(A)(i)(I), 1030(c)(4)(A)(i)(VI), and 1030(c)(4)(B).

3.     In furtherance of the conspiracy, the defendant committed numerous overt acts, such as:

- purchasing subscriptions to DDoS-for-hire companies, including but not limited to VDoS, CStress, Inboot, Booter.xyz, and IPStresser;

- initiating attacks using the DDoS-for-hire companies against multiple victims, including but not limited to Washburn Computer Group, Minnesota State Courts, Dakota County Technical College, Minneapolis Community and Technical College, Hennepin County, Hennepin County Sheriff's Office, Aerotek Inc., Analog Technologies, Inc., Apex Tool Group LLC, Blackfox, Inc., Business Electronics Soldering Technologies, Inc., C.R. England, Inc., Central Portfolio Control Inc., Convergys Corp., Dimation, Inc., dmDickason Personnel Services, EPTAC Corporation, Employer Solutions Group, Entegee, Inc., Enterprise Rent-A-Car,

2

CASE 0:17-cr-00134-WMW-DTS   Document 77   Filed 01/12/18   Page 3 of 6

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

Hakko Products, Inc., Industrial Insite LLC, IPC, I-Tech Staffing Services, JP Morgan Chase & Co., Kit Pack Co., Landmark Real Estate and Investment, Inc., Mesilla Valley Transportation, Mesilla Valley Training Institute, PeopleReady, Precision Inc., PMG Services, Production Automation Corp., QuiBids.com, STI Electronics, Inc., UTC Aerospace Systems, Verion Training Systems, LLC, Verizon Communications, VMC Consulting Corp., and Wells Fargo & Co.; and,

- taking steps to avoid detection and circumvent his victims' DDoS mitigation efforts, including but not limited by using IP address anonymization services to mask his identity and location, using cryptocurrency in payment for DDoS-for-hire services, using multiple DDoS-for-hire services at once to amplify his attacks, using spoofed emails to conceal his conduct, and using encryption and drive-cleaning tools to conceal digital evidence of his conduct on his computers.

CASE 0:17-cr-00134-WMW-DTS   Document 77   Filed 01/12/18   Page 4 of 6

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

## COUNT 2
(Felon in Possession of Firearm)

In or about May 2017, in the State and District of Colorado, the defendant,

**JOHN KELSEY GAMMELL,**

a person who had previously been convicted of crimes punishable by imprisonment for a term exceeding one year, namely:

| CRIME | JURISDICTION OF CONVICTION | DATE OF CONVICTION (in or about) |
|---|---|---|
| Felon-in-Possession, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) | U.S. District Court for District of Minnesota | 9/29/1992 |
| Felon in Possession of a Firearm | Hennepin County, MN District Court | 3/11/1988 |
| Possession with Intent to Sell Schedule I Controlled Substances | Hennepin County, MN District Court | 11/3/1986 |
| Burglary | Hennepin County, MN District Court | 1/16/1984 |
| Aggravated Robbery | Hennepin County, MN District Court | 7/2/1981 |
| Aggravated Robbery | Hennepin County, MN District Court | 11/14/1980 |

did knowingly possess, in and affecting interstate and foreign commerce, firearms and ammunition, specifically, parts for use in the building of AR-15 assault rifles, including an upper receiver, two lower receivers, a pistol grip, a trigger guard, 15 high-capacity magazines, a buttstock, a buffer tube, and 420 rounds of 5.56 x 45mm full metal jacket rifle ammunition, said firearms and ammunition having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

CASE 0:17-cr-00134-WMW-DTS   Document 77   Filed 01/12/18   Page 5 of 6

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

## COUNT 3
(Felon in Possession of Firearm)

In or about May 2017, in the State and District of New Mexico, the defendant,

**JOHN KELSEY GAMMELL,**

a person who had previously been convicted of crimes punishable by imprisonment for a term exceeding one year, namely:

| CRIME | JURISDICTION OF CONVICTION | DATE OF CONVICTION (in or about) |
|---|---|---|
| Felon in Possession, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) | U.S. District Court for District of Minnesota | 9/29/1992 |
| Felon in Possession of a Firearm | Hennepin County, MN District Court | 3/11/1988 |
| Possession with Intent to Sell Schedule I Controlled Substances | Hennepin County, MN District Court | 11/3/1986 |
| Burglary | Hennepin County, MN District Court | 1/16/1984 |
| Aggravated Robbery | Hennepin County, MN District Court | 7/2/1981 |
| Aggravated Robbery | Hennepin County, MN District Court | 11/14/1980 |

did knowingly possess, in and affecting interstate and foreign commerce, firearms and ammunition, namely, a Heckler & Koch P2000 handgun, serial number 116-039487 DE, and a Springfield Armory model 1911-A1, .45 caliber handgun, serial number NM 435339, as well as hundreds of rounds of ammunition, said firearms and ammunition having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

CASE 0:17-cr-00134-WMW-DTS   Document 77   Filed 01/12/18   Page 6 of 6

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

## FORFEITURE ALLEGATIONS

The allegations in Counts 1-3 are incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 924(d), 982(a)(2)(B) and 1030(i), and Title 28, United States Code, Section 2461(c).

If convicted of Count 1 of this Information, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i) any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such violation, and any personal property that was used or intended to be used to commit or to facilitate the commission of such violation.

If convicted of any of Counts 2 and 3 of this Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearms, ammunition, and accessories involved in, connected with, or used in any knowing violation of, the offenses alleged.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

Dated: January 12, 2018

GREGORY G. BROOKER
United States Attorney

BY: /s/

TIMOTHY C. RANK
Assistant United States Attorney
AARON R. COOPER
Trial Attorney, Criminal Division