UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 17-134 (WMW/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) PLEA AGREEMENT AND |
| JOHN KELSEY GAMMELL, | ) SENTENCING STIPULATIONS ) |
| Defendant. | ) ) |

The United States of America and JOHN KELSEY GAMMELL (hereinafter referred to as GAMMELL or "the defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Offices for the Districts of Minnesota, Colorado, and New Mexico. The undersigned Assistant United States Attorney has authority to bind all three Offices for purposes of this agreement. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to an information charging him with one count of Conspiracy to Commit Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(b), and two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). In exchange, the government agrees to dismiss the charges in the Superseding Indictment in this matter at the time of sentencing. In addition, the government agrees to bring no further charges


SCANNED
JAN 17 2018
U.S. DISTRICT COURT ST. PAUL

CASE 0:17-cr-00134-WMW-DTS Document 85 Filed 01/17/18 Page 2 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

against the defendant arising from facts known to the government as of the date of this agreement.

2. **Factual Basis**. The defendant admits the following facts and, where the defendant lacks direct knowledge, the defendant acknowledges that the government has sufficient evidence to prove beyond a reasonable doubt the following facts, all of which constitute the factual basis for this plea:

a. **The DDoS Offenses**

From at least in or about July 2015 through in or about March 2017, in the State and District of Minnesota and elsewhere, the defendant, JOHN KELSEY GAMMELL, engaged in a campaign of distributed denial of service ("DDoS") attacks on websites throughout the United States. A DDoS attack is a malicious attempt to disable or interrupt service to a computer or website, usually by causing large amounts of internet traffic to be directed to the computer or website. GAMMELL directed DDoS attacks at a number of victims' websites, including websites operated by companies he used to work for, companies that declined to hire him, competitors of GAMMELL's business, and websites for law enforcement agencies and courts, among others. GAMMELL engaged in DDoS attacks using computer programs from his own computers, as well as by directing several "DDoS-for-hire" companies from which he purchased services to launch DDoS attacks against his victims' websites.

From in or about July 2015 through at least in or about November 2016, in the State and District of Minnesota and elsewhere, JOHN KELSEY GAMMELL, did knowingly

CASE 0:17-cr-00134-WMW-DTS   Document 85   Filed 01/17/18   Page 3 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

conspire and agree with persons known and unknown, including individuals operating DDoS-for-hire companies from which he purchased services to launch DDoS attacks against his victims' websites, to commit Intentional Damage to a Protected Computer in violation of Title 18, United States Code, Section 1030(a)(5)(A), and, during a one-year period, the offense caused loss to one or more persons of at least $5,000 in aggregated value and damage affecting 10 or more protected computers, all in violation of Title 18, United States Code, Sections 1030(a)(5)(A), 1030(b), 1030(c)(4)(A)(i)(I), 1030(c)(4)(A)(i)(VI), and 1030(c)(4)(B).

In furtherance of the conspiracy, the defendant committed numerous overt acts, such as:

- purchasing subscriptions to DDoS-for-hire companies, including but not limited to VDoS, CStress, Inboot, Booter.xyz, and IPStresser;

- initiating attacks using the DDoS-for-hire companies against multiple victims, including but not limited to Washburn Computer Group, Minnesota State Courts, Dakota County Technical College, Minneapolis Community and Technical College, Hennepin County, Hennepin County Sheriff's Office, Aerotek Inc., Analog Technologies, Inc., Apex Tool Group LLC, Blackfox, Inc., Business Electronics Soldering Technologies, Inc., C.R. England, Inc., Central Portfolio Control Inc., Convergys Corp., Dimation, Inc., dmDickason Personnel Services, EPTAC Corporation, Employer Solutions Group, Entegee, Inc., Enterprise Rent-A-Car, Hakko Products, Inc., Industrial Insite LLC, IPC, I-Tech Staffing Services, JP

CASE 0:17-cr-00134-WMW-DTS   Document 85   Filed 01/17/18   Page 4 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

Morgan Chase & Co., Kit Pack Co., Landmark Real Estate and Investment, Inc., Mesilla Valley Transportation, Mesilla Valley Training Institute, PeopleReady, Precision Inc., PMG Services, Production Automation Corp., QuiBids.com, STI Electronics, Inc., UTC Aerospace Systems, Verion Training Systems, LLC, Verizon Communications, VMC Consulting Corp., and Wells Fargo & Co.; and,

- taking steps to avoid detection and circumvent his victims' DDoS mitigation efforts, including but not limited by using IP address anonymization services to mask his identity and location, using cryptocurrency in payment for DDoS-for-hire services, using multiple DDoS-for-hire services at once to amplify his attacks, using spoofed emails to conceal his conduct, and using encryption and drive-cleaning tools to conceal digital evidence of his conduct on his computers.

b.  **Firearms Offenses**

GAMMELL is prohibited from possessing firearms or ammunition based on his prior felony convictions, including his 1992 federal conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Crim. File No. 92-127 (HHM) (D. Minn.)).  GAMMELL was released from prison on the felon in possession conviction in 2006, and he finished his period of supervision in 2010.

i.  **Felon in Possession - Colorado**

In or about May 2017, in the State and District of Colorado, GAMMELL did knowingly possess in and affecting interstate commerce, a firearm and ammunition, said firearm and ammunition having been shipped and transported in interstate commerce, in

CASE 0:17-cr-00134-WMW-DTS   Document 85   Filed 01/17/18   Page 5 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) and 924(e). Specifically, GAMMELL possessed parts for use in the building of AR-15 assault rifles, including an upper receiver, two lower receivers, a pistol grip, a trigger guard, and 15 high-capacity magazines, as well as a buttstock and a buffer tube. GAMMELL also possessed 420 rounds of 5.56 x 45mm full metal jacket rifle ammunition. GAMMELL is prohibited from possessing the AR-15 receivers because 18 U.S.C. § 921(a)(3) defines "firearm" to include "(A) any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive" and "(B) the frame or receiver of any such weapon." GAMMELL is also prohibited from possessing the ammunition.

    ii.    **Felon in Possession – New Mexico**

In or about May 2017, in the State and District of New Mexico, GAMMELL did knowingly possess in and affecting interstate commerce, firearms and ammunition, said firearms and ammunition having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) and 924(e). Specifically, GAMMELL possessed a Heckler & Koch P2000 handgun, serial number 116-039487 DE, and a Springfield Armory model 1911-A1, .45 caliber handgun, serial number NM 435339, as well as hundreds of rounds of ammunition. GAMMELL is prohibited from possessing the handguns and the ammunition.

    3.    **Waiver of Indictment**. The defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. The

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

defendant further agrees to execute a written waiver of the defendant's right to be indicted by a grand jury on this offense.

4. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pre-trial motions in this case, including a motion to dismiss based on improper venue or jurisdiction. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case. Defendant expressly agrees to waive any challenge based on venue or jurisdiction.

5. **Waiver of Venue Challenge.** As part of this plea agreement, the defendant will be pleading to charges for which venue properly lies in other judicial districts. Specifically, venue for Count 2 lies in the District of Colorado and venue for Count 3 lies in the District of New Mexico. Defendant has requested that he be charged with all three counts of the information in Minnesota. The defendant waives his right to have Counts 2 and 3 charged and tried or resolved in the States and Districts of Colorado and New Mexico, and consents to venue in the State and District of Minnesota.

6. **Statutory Penalties**. The defendant understands that the maximum statutory penalty for violation of 18 U.S.C. § 1030(a)(5)(A) and 1030(b), as charged in Count 1 of the Information, is as follows:

    a.    a term of imprisonment of up to 10 years;

    b.    a criminal fine of up to $250,000.00;

    c.    a term of supervised release of up to 3 years;

CASE 0:17-cr-00134-WMW-DTS   Document 85   Filed 01/17/18   Page 7 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

  d. a special assessment of $100.00, which is payable to the Clerk of Court prior to sentencing; and

  e. the costs of prosecution (as defined in 28 U.S.C. § 1918(b) and 1920).

The defendant understands that if he is deemed an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), the minimum and maximum statutory penalties for violation of 18 U.S.C. § 922(g)(1), as charged in Counts 2 and 3 of the Information, are as follows:

  a. a minimum of 15 years' imprisonment;

  b. a maximum of life imprisonment;

  c. a supervised release term of up to five years;

  d. a fine of up to $250,000; and

  e. a mandatory special assessment of $100.

The defendant understands that if he is not an Armed Career Criminal, the maximum statutory penalty for violation of 18 U.S.C. § 922(g)(1), as charged in Counts 2 and 3 of the Information, is as follows:

  a. maximum of 10 years' imprisonment;

  b. a supervised release term of up to three years;

  c. a fine of up to $250,000;

  d. a mandatory special assessment of $100.

  7. **Revocation of Supervised Release**.  The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional

CASE 0:17-cr-00134-WMW-DTS Document 85 Filed 01/17/18 Page 8 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines to determine the appropriate sentence and stipulate to the following guideline calculations:

### Count 1

a. Base Offense Level. The parties agree and stipulate that the appropriate Guidelines section for Count 1 is § 2B1.1, and the base offense level is **6**. (U.S.S.G. § 2B1.1(a)(2)).

b. Specific Offense Characteristics.

The parties agree that the loss resulting from the offense of conviction is at least $40,000 and not more than $250,000, and therefore the base offense level should be increased by at least **6** and at most **10** levels. (U.S.S.G. § 2B1.1(b)(1)(D). The parties agree that the appropriate loss amount will be determined by the Court at a sentencing hearing after considering losses attributable to any and all victims. The parties also agree that because the offense involved 10 or more victims, the base offense level should be increased by **2** levels. (U.S.S.G. § 2B1.1(b)(10)); that because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, the base offense level should be increased by **2** levels. (U.S.S.G. § 2B1.1(b)(10); and that because the defendant was convicted of an offense under 18 U.S.C. § 1030(a)(5)(A),the base offense level should be increased by **4** levels. (U.S.S.G. § 2B1.1(b)(18)(A)(ii)).

c. Chapter Three Adjustments.

Abuse of Position of Trust/Special Skill. The parties agree that because defendant used a special skill in a manner that significantly facilitated the commission and concealment of the offense of conviction, the base offense level should be increased by **2** levels. (U.S.S.G. § 3B1.3).

CASE 0:17-cr-00134-WMW-DTS Document 85 Filed 01/17/18 Page 9 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

    d. <u>Other Enhancements/Adjustments</u>. The parties agree that there are no other applicable enhancements or adjustments to the offense level.

    e. <u>Total Offense Level</u>. Based on the foregoing analysis, the total adjusted offense level for Count 1, before consideration of acceptance of responsibility, is **22** to **26**, depending on the assessment of the loss amount.

### Counts 2 and 3

    a. <u>Base Offense Level</u>. The Government believes that the defendant is subject to enhanced penalties under 18 U.S.C. § 924(e) as an Armed Career Criminal. If so, his guideline range will be calculated under U.S.S.G. § 4B1.4(b), as is discussed below. The defendant reserves the right to argue that he is not an Armed Career Criminal. If the Court determines the defendant is not subject to enhancement under § 924(e), the parties agree the base offense level will be at least **14** under U.S.S.G. § 2K2.1(a)(6), but may be **20** based on the application of U.S.S.G. § 2K2.1(a)(4)(B)(i)(I).

    b. <u>Specific Offense Characteristics</u>. The parties agree that if the base offense level is not determined by U.S.S.G § 4B1.4(b), the offense level should be increased by **2** because the defendant possessed three to seven firearms. U.S.S.G. § 2K2.1(b)(1).

    c. <u>Other Enhancements/Adjustments</u>. The parties agree that there are no other applicable enhancements or adjustments to the offense level.

    d. <u>Total Offense Level</u>. Based on the foregoing analysis, the total adjusted offense level for Counts 2 and 3, before consideration of acceptance of responsibility, is **16** or **22**.

### Applicable to All Counts

    a. <u>Grouping</u>. If the defendant is not an Armed Career Criminal, Counts 2 and 3 group under U.S.S.G. §§ 3D1.2(b), (c), and (d). As a result, the offense level calculated above applies to both Counts 2 and 3 collectively. Count 1 does not group with Counts 2 and 3, so the combined offense level must be determined by applying the multiple count analysis of U.S.S.G. § 3D1.4. The following calculations apply. If the adjusted offense level for Count 1 is **22** or **24** and the adjusted offense level for Counts 2 and 3 is **16**, the total adjusted offense level based on grouping

9

CASE 0:17-cr-00134-WMW-DTS   Document 85   Filed 01/17/18   Page 10 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

rules should be increased by **1** level under U.S.S.G. § 3D1.4. If the adjusted offense level for Count 1 is, **22, 24,** or **26,** and the adjusted offense level for Counts 2 and 3 is **22**, the total adjusted offense level based on grouping rules should be increased by **2** level under U.S.S.G. § 3D1.4. If the adjusted offense level for Count 1 is **26** and the adjusted offense level for Counts 2 and 3 is **16**, the total adjusted offense level based on grouping rules should not be increased under U.S.S.G. § 3D1.4. As a result, the combined offense level, applicable to all three counts, will range from **23** to **28**, before consideration of acceptance of responsibility.

b. <u>Acceptance of Responsibility.</u>  In exchange for the defendant's plea and provided that the defendant does not falsely deny any offense or relevant conduct, the government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea hearing, (ii) the defendant cooperates with the Probation Office in the pre-sentence investigation, (iii) the defendant commits no further acts inconsistent with acceptance of responsibility, and (iv) the defendant complies with this agreement, fully identifies all assets and makes good faith efforts to make restitution to his victims. (U.S.S.G. § 3E1.1). The defendant timely notified the government of his intent to plead guilty, and therefore the government will make a motion to reduce the offense level by an additional **1** point pursuant to U.S.S.G. § 3E1.1(b) at the time of sentencing.

c. <u>Criminal History Category</u>. If the defendant is not an Armed Career Criminal, based on information available at this time, the parties believe that the defendant's criminal history category is II or III. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

d. <u>Guideline Range</u>. If the defendant is not an Armed Career Criminal, and the defendant receives a **3** level reduction for acceptance of responsibility, the defendant's guidelines range could be as low as **37-46** months (if criminal history II with a total adjusted offense level, after grouping, of

CASE 0:17-cr-00134-WMW-DTS   Document 85   Filed 01/17/18   Page 11 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

20) and as high as **70-87** months (if criminal history III with a total adjusted offense level, after grouping, of **25**).

e. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least one year but not more than three years. USSG § 5D1.2.

f. <u>Fine</u>. The Sentencing Guidelines call for a fine from $15,000 to $200,000, depending on the total adjusted offense level found by the Court to apply. U.S.S.G. § 5E1.2(c).

**Armed Career Criminal**

a. <u>Base Offense Level.</u> The Government believes that the defendant is subject to enhanced penalties as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e). If so, his guideline range is determined under U.S.S.G. § 4B1.4(b), (if that offense level is greater than that calculated under Chapters 2 and 3, as set out above). The defendant reserves the right to contest application of enhanced penalties under § 924(e) and § 4B1.4(b). If the Court determines U.S.S.G. § 4B1.4(b) applies, the base offense level is **33**. U.S.S.G. § 4B1.4(b)(3)(B).

b. <u>Specific Offense Characteristics</u>. The parties agree that if the base offense level is determined by U.S.S.G. § 4B1.4(b), no specific offense characteristics apply.

c. <u>Other Enhancements/Adjustments</u>. The parties agree there are no other applicable enhancements or adjustments to the offense level and no grouping analysis applies.

d. <u>Acceptance of Responsibility</u>. The parties agree the defendant is entitled to a three-level reduction for acceptance of responsibility, subject to the conditions specified above.

e. <u>Total Offense Level</u>. If the defendant is an Armed Career Criminal, assuming an adjustment for acceptance of responsibility, the parties agree the Total Offense Level is **30**. Because this offense level is greater than the total combined offense level for Counts 1-3 under U.S.S.G. Chs. 2 and 3 calculated above, it is the total offense level applicable to Counts 1-3 if the Court determines the defendant is an Armed Career Criminal. U.S.S.G. § 4B1.4(b).

CASE 0:17-cr-00134-WMW-DTS   Document 85   Filed 01/17/18   Page 12 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

    f.   <u>Criminal History Category</u>. If the defendant is an Armed Career Criminal, his criminal history category is IV. U.S.S.G. § 4B1.4(c).

    g.   <u>Guideline Range</u>. If the defendant is an Armed Career Criminal, a total adjusted offense level of **30** and a criminal history category of IV results in a guideline range of **135-168** months. Because this is less than the mandatory minimum, the guideline range, applicable to all three counts, is **180** months. U.S.S.G. §§ 5G1.1, 5G1.2.

    e.   <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least three years but not more than five years. USSG § 5D1.2.

    f.   <u>Fine</u>. The Sentencing Guidelines call for a fine of $30,000 to $300,000.

9.   **Departures and Variances**. The parties reserve the right to make motions for departures and variances, to oppose any such motion made by the other party, and to argue for a sentence outside the applicable guideline range. Notwithstanding the above, the defendant understands that if he is found to be an Armed Career Criminal, he will be subject to a mandatory minimum sentence of 180 months, and that he cannot obtain either a departure or a variance to receive a sentence below the mandatory minimum 180 months.

10.   **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable guidelines. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may

CASE 0:17-cr-00134-WMW-DTS Document 85 Filed 01/17/18 Page 13 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The $300 special assessment is due at the time of sentencing.

12. **Restitution**. Defendant understands and agrees that the Mandatory Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to pay the maximum restitution to the victims of his crimes as provided by law.

The defendant represents that he will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court. The defendant agrees to complete a financial statement fully and truthfully before the date of sentencing.

13. **Forfeiture.** Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), the defendant agrees to forfeit to the United States any property real or personal constituting, or derived from, proceeds obtained directly or indirectly as a result of the violations charged in Count 1 of the information, and any personal property that was used or intended to be used to commit or to facilitate the commission of such violations. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States

CASE 0:17-cr-00134-WMW-DTS   Document 85   Filed 01/17/18   Page 14 of 14

United States v. John Kelsey Gammell, Crim. No. 17-134 (WMW/DTS)

Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), all of the defendant's right, title and interest in the firearms, ammunition, and firearms accessories seized in connection with the investigation that resulted in the violations charged in Counts 2 and 3 of the information.

14. **Complete Agreement**. This Plea Agreement, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Date: 1/17/2018

GREGORY G. BROOKER
Acting United States Attorney

BY: _____
TIMOTHY C. RANK
Assistant U.S. Attorney
AARON R. COOPER
Trial Attorney, Criminal Division

Date: 1/17/2018

_____
JOHN KELSEY GAMMELL
Defendant

Date: 1.7.2018

_____
RACHEL K. PAULOSE
ROBERT D. RICHMAN
Attorney for Defendant